IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN D. BLACK,

        Plaintiff,                 No. 2:05-CIV-01622-ALA P

    vs.

J. TUGGLES, ET AL.,

        Defendants.          <u>ORDER</u>

       Plaintiff Kevin Black is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C.§ 1983.[1] On November 3, 2006, Defendants filed a motion to dismiss this case due to Plaintiff's failure to exhaust, pursuant to 42 U.S.C. § 1997e. (doc. 39). Having carefully considered the arguments presented by the parties, the court now rules.

**I
Background**

---

[1] Mr. Black's complaint does not specify a cause of action pursuant to which he asserts his claim. Because Mr. Black claims that Defendants were indifferent to injuries he suffered while working as a dish washer in the Folsom State Prison main kitchen, it appears that he asserts an Eighth Amendment deliberate indifference claim.

-1-

For the most part, the facts are undisputed in this case. At all times relevant to the complaint, Mr. Black was an inmate confined by the California Department of Corrections and Rehabilitation ("CDC") at Folsom State Prison ("FSP").  From approximately June 2004 through mid-2005, Mr. Black held a job working in the FSP main kitchen.  One of his tasks while working in the kitchen was often washing dishes.  The FSP main kitchen used Dish-All 1661 and Power-Wash 1631 as dish washing detergents.  These detergents are powder dish washing agents.

Mr. Black asserts that he was not provided training on how to properly handle the detergent and was not given the proper safety equipment to handle the detergent.  As a result of handling the dish detergent, Mr. Black claims that the skin on his hands began to peel.

On July 31, 2004, Mr. Black filed an inmate grievance claiming that the FSP kitchen workers were not provided the necessary personal protective equipment for using the dish detergents.  He, however, ultimately withdrew his grievance due to FSP providing more protective equipment for the kitchen workers.  In September 2004, Mr. Black told Defendant Tuggles[2] that the skin on his hands was starting to peel.  Defendant Tuggle contacted Defendant Clemens[3] and showed him Mr. Black's hands, which appeared dry and chapped.  Mr. Black was then sent to the medical clinic and was seen by a doctor who opined that Mr. Black was suffering from an allergic reaction from an unidentified stimuli.  The doctor also opined that Mr. Black's condition showed no signs of long term effects, he proscribed Mr. Black a hydrocortisone cream, but did not provide Mr. Black with a medical chrono restricting him from coming into contact with the dish washing detergent.

On April 10, 2005, Mr. Black filed a second inmate grievance claiming that the FSP kitchen workers were not provided the necessary personal protective equipment or training on

---

[2] Defendant Tuggles was at the relevant time the correctional officer in charge of the culinary unit during Mr. Black's shift.

[3] Defendant Clemens was the correctional sergeant in the main kitchen at FSP.

-2-

the hazards and proper manner in which to work with the detergents. This administrative appeal was granted on June 9, 2005.

Mr. Black asked Defendant Tuggles for a job change. Because Defendant Tuggles was not authorized to change an inmate's job assignment, he advised Mr. Black that he must contact either his counselor or the job assignment office in order to change his assigned job.

## II

## Motion to Dismiss

Defendants move under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss this case on the basis that Mr. Black failed to exhaust his prison administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Mr. Black contends that he sufficiently exhausted his claim because he filed an administrative appeal on April 10, 2005, as allowed under CAL. CODE REGS. tit. 15, § 3084.1(a) (2007), which was ultimately granted.

Although Rule 12(b) of the Federal Rules of Civil Procedure does not specifically address exhaustion, the Ninth Circuit has held that the failure to exhaust nonjudicial remedies "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The PLRA requires that prisoners seeking to bring claims under 42 U.S.C. § 1983 "with respect to prison conditions" must first exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that the PLRA's exhaustion requirement is mandatory and applies regardless of whether the administrative process could not award the prisoner the monetary relief he sought.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." CAL. CODE REGS. tit. 15, §

-3-

1  3084.1(a) (2007). Here, it is undisputed that Mr. Black filed an administrative appeal on April
2  10, 2005, pursuant to CAL. CODE REGS. tit. 15, § 3084.1(a) (2007), which was granted. Upon
3  obtaining this relief, there was little else that Mr. Black could seek or expect from the prison
4  administrative process in relation to his claims. In their motion, Defendants fail to articulate any
5  other types of relief that were still available for Mr. Black to pursue, other than filing a new
6  grievance. This, however, is not required as Mr. Black had sufficiently exhausted his
7  administrative remedies for his claims regarding the lack of training and personal protective
8  equipment available to him for his use of the contested dish detergent in the FSP main kitchen.
9  Thus, Defendants's motion to dismiss Mr. Black's complaint for failure to exhaust his
10 administrative remedies shall be denied.
11      Therefore,
12      IT IS ORDERED that Defendants' motion to dismiss (doc. 39) is DENIED.
13
14 DATED: August 9, 2007

                                            /s/ Arthur L. Alarcón
                                            UNITED STATES CIRCUIT JUDGE
                                            Sitting by Designation