IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN D. BLACK,

        Plaintiff,                   No. 05-CIV-01622-ALA P

     vs.

J. TUGGLE, ET AL.,

        Defendants.            <u>ORDER</u>

        Plaintiff Kevin Black is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C.§ 1983.[1] On December 26, 2007, Mr. Black filed a motion for discovery in this matter (doc. 42). Thereafter, on April 11, 2007, Defendants filed a motion for summary judgment (doc. 51). Finally, on July 13, 2007, Defendants filed an amended request to vacate the scheduling order (doc. 56). All of these motions were fully briefed on July 23, 2007. Having carefully considered the arguments presented by the parties, the court now rules.

**I**
**BACKGROUND**

        For the most part, the facts are undisputed in this case. At all times relevant to the

---

[1] Mr. Black's complaint does not specify a cause of action pursuant to which he asserts his claim. Because Mr. Black claims that Defendants were indifferent to injuries he suffered while working as a dish washer in the Folsom State Prison main kitchen, it appears that he asserts an Eighth Amendment deliberate indifference claim.

-1-

complaint, Mr. Black was an inmate confined by the California Department of Corrections and Rehabilitation ("CDC") at Folsom State Prison ("FSP"). From approximately June 2004 through mid-2005, Mr. Black held a job working in the FSP main kitchen. One of his tasks while working in the kitchen was often washing dishes. The FSP main kitchen used Dish-All 1661 and Power-Wash 1631 as dish washing detergents. These detergents are powder dish washing agents.

Mr. Black asserts that he was not provided training on how to properly handle the detergent and was not given the proper safety equipment to handle the detergent. As a result of handling the dish detergent, Mr. Black claims that the skin on his hands began to peel.

On July 31, 2004, Mr. Black filed an inmate grievance claiming that the FSP kitchen workers were not provided the necessary personal protective equipment for using the dish detergents. He, however, ultimately withdrew his grievance due to FSP providing more protective equipment for the kitchen workers. In September 2004, Mr. Black told Defendant Tuggle[2] that the skin on his hands was starting to peel. Defendant Tuggle contacted Defendant Clemens[3] and showed him Mr. Black's hands, which appeared dry and chapped. Mr. Black was then sent to the medical clinic and was seen by a doctor who opined that Mr. Black was suffering from an allergic reaction from an unidentified stimuli. The doctor also opined that Mr. Black's condition showed no signs of long term effects, he proscribed Mr. Black a hydrocortisone cream, but did not provide Mr. Black with a medical restrictive order restricting him from coming into contact with the dish washing detergent.

On April 10, 2005, Mr. Black filed a second inmate grievance claiming that the FSP kitchen workers were not provided the necessary personal protective equipment or training on the hazards and proper manner in which to work with the detergents. This administrative appeal

---

[2] Defendant Tuggle was at the relevant time the correctional officer in charge of the culinary unit during Mr. Black's shift.

[3] Defendant Clemens was the correctional sergeant in the main kitchen at FSP.

-2-

1  was granted on June 9, 2005.

2  Mr. Black asked Defendant Tuggle for a job change.  Because Defendant Tuggle was not
3  authorized to change an inmate's job assignment, he advised Mr. Black that he must contact
4  either his counselor or the job assignment office in order to change his assigned job.

5  Mr. Black claims that Defendant Franz[4] is responsible because he was notified of Mr.
6  Black's injuries through one of Mr. Black's inmate appeals and, thus, should have assisted Mr.
7  Black by removing the dish washing detergent from use in the main kitchen.  Mr. Black also
8  asserts that Defendant Wong[5] was made aware of Mr. Black's injuries and failed to protect him
9  from harm.

## II

## MOTION FOR SUMMARY JUDGMENT

### A

### Summary Judgment Standard

To grant summary judgment, the Court must determine that the record before it contains "no genuine issue as to any material fact" and, thus, "that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether to grant summary judgment, the Court will view the facts and inferences from these facts in the light most favorable to the nonmoving party. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A material fact is any factual dispute that might affect the outcome of the case under the governing

---

[4] Defendant Franz was at the relevant time the Hazardous Materials Specialist at FSP.

[5] Defendant Wong was at the relevant time the Deputy Director of the Office of Environmental Health and Safety with CDC.

substantive law. *Id.* at 248. A factual dispute is genuine if the evidence is such that a reasonable jury could resolve the dispute in favor of the nonmoving party. *Id.*

A party opposing a motion for summary judgment cannot rest upon mere allegations or denials in the pleadings or papers, but instead must set forth specific facts demonstrating a genuine issue for trial. *Id.* at 250. Finally, if the nonmoving party's evidence is merely colorable or is not significantly probative, a court may grant summary judgment. *California Architectural Build. Prods., Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir. 1987).

## B

### Analysis

Defendants contend that summary judgment should be granted in their favor as a matter of law because no genuine issues as to any material fact remain in dispute and Mr. Black has failed to establish that Defendants were deliberately indifferent to his health and safety. "A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was 'objectively, sufficiently serious;' and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective component requires the inmates to show that the officials had the culpable mental state, which is ''deliberate indifference' to a substantial risk of serious harm.'" *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)). "'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clement*, 298 F.3d at 904 (quoting *Farmer*, 511 U.S. at 837).

Here, the undisputed facts do not establish that Defendants consciously disregarded any substantial risk of serious harm to Mr. Black. In fact, when made aware of Mr. Black's concerns and the condition of his hands, Defendants Tuggle and Clemens responded by providing the kitchen workers with personal protection equipment and specifically sent Mr. Black to the

1  medical clinic for treatment.  Thereafter, Defendants Tuggle and Clemens attempted to give Mr.
2  Black work assignments within the FSP main kitchen that did not cause him to handle the dish
3  detergents.
4      In addition, Defendant Wong and Defendant Franz both responded within their duties to
5  Mr. Black's complaints.  Defendant Wong responded to Mr. Black's letters asking if there was a
6  less hazardous alternative to "Dish All 1631."  Being beyond the scope of her duties, Defendant
7  Wong provided Mr. Black with copies of the labels of the Dish All 1661 and Power-Wash 1631,
8  and directed Mr. Black to the proper FSP personnel to contact if he felt that he was being forced
9  to use the detergent in an unsafe manner.  Defendant Franz, in response to an inquiry made to
10 him regarding the volatility of the dish detergents, explained that the detergents were not toxic
11 chemicals and, when mixed with water, lost all volatility.  In any event, Defendant Franz sent the
12 FSP main kitchen twelve sets of gloves that are used in handling solvent materials.
13     There exists no genuine issue as to any material fact in regard to the behavior of the
14 Defendants.  Upon review of such facts, it is evident that Defendants responded to Mr. Black's
15 complaints and in a manner that was appropriate. The facts do not indicate that Defendants
16 disregarded Mr. Black's complaints or that Mr. Black was at substantial risk of serious harm.
17 Therefore, finding that their behavior did not equate to deliberate indifference, Defendants are
18 entitled to judgment as a matter of law.
19 /////
20     Accordingly, IT IS HEREBY ORDERED that:
21     1. Defendants' motion for summary judgment (doc. 51) is GRANTED; and
22     2. Plaintiff's motion for discovery (doc. 42) is DENIED as moot; and
23     3. Defendants' motion to vacate the scheduling order (docs. 56) is DENIED as moot.
24
25 DATED: August 13, 2007
26     /s/ Arthur L. Alarcón
    UNITED STATES CIRCUIT  JUDGE
27     Sitting by Designation